Accordingly, for substantially the reasons stated in the district and bankruptcy courts' opinions, the judgment of the district court is hereby **AFFIRMED.**

Ken S. SHERBACOW, Plaintiff–
Appellant,

v.

Theodore R. ANSON and William R.
Andrews DefendantS–Appellees.

No. 03–7423.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2003.

Andrew B. Bowman, Westport, CT., for Appellants.

Giovanna Tiberii Weller, (James K. Robertson, Jr., on the brief), Carmody & Torrance Waterbury, CT., for Appellee.

PRESENT: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ken S. Sherbacow appeals from the March 31, 2003 judgment of the district court granting defendants-appellees Theodore R. Anson and William R. Andrews's motion for summary judgment on appellant's 42 U.S.C. § 1983 claim for termination of employment in violation of the First Amendment right to free speech. The district court determined that Anson and Andrews had met their burden of setting forth facts showing that Sherbacow's speech was not a substantial or motivating factor in his discharge and that Sherbacow had not raised genuine issues of material fact. It concluded that there was no evidence to suggest that (1) Sherbacow's 1997 reassignment to the leasing unit was related to his speech instead of other, unrelated factors; (2) when Sherbacow was advised that his position was "at-risk" it was motivated by his speech and not budgetary cutbacks; (3) Anson and Andrews knew that Sherbacow had made complaints to the State Property Review Board in 1999; or (4) Anson and Andrews knew that Sherbacow was the source of February 1997 formal complaints or leaks to the press. On appeal, Sherbacow argues that he has raised genuine issues of material fact as to whether Anson and Andrews's conduct was a substantial motivating factor in his discharge.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *See Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir.2002).

We need not reach the issue of whether Anson and Andrews dismissed Sherbacow because they suspected that he was the whistle-blower. Anson and Andrews demonstrated that Sherbacow's position would have been eliminated absent his speech as a result of downsizing and Sherbacow has shown no evidence that the proffered reason for his dismissal was pretextual in nature.

Having reviewed the record, we find no error in the actions of the district court and affirm its judgment.